UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAYS INN WORLDWIDE, INC.,
f/k/a DAYS INN OF AMERICA, INC.,

       Plaintiff,

vs.

CASE NO. 07-CV-13523
HON. LAWRENCE P. ZATKOFF

ADRIAN MOTEL COMPANY, LLC, et al.,

       Defendants.
_____/

# **ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 12th day of October, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Docket #9), filed on October 8, 2007. To date, the Court has not received any response from any defendant.

## **I. LEGAL STANDARD**

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995);

*UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## II. FINDINGS OF THE COURT

The Court has reviewed the Plaintiff's Motion and Brief in support thereof. The Court finds that Plaintiff has not satisfied their burden to require this Court to grant Plaintiff's request for a Temporary Restraining Order. In particular, Plaintiff knew of and experienced the same "injury" for over a month before filing its Motion for Temporary Restraining Order.

As to the Motion for Preliminary Injunction, the Court finds that the Plaintiff has set forth an adequate basis to warrant a hearing on its request for injunctive relief. The Court therefore ORDERS the parties to appear for a hearing on Plaintiff's Motion for Preliminary Injunction on October 18, 2007, at 10:30 a.m. In addition, the Court ORDERS the Defendants to submit their respective response briefs to the Court no later than 2:00 p.m. on Tuesday, October 16, 2007.

## III. CONCLUSION

Accordingly, for the reasons stated, Plaintiff's Motion for Temporary Restraining Order is DENIED. The parties are ORDERED TO APPEAR at the Federal Building, 526 Water Street, Port Huron, Michigan, at 10:30 a.m. on October 18, 2007, for a hearing on Plaintiff's request for a preliminary injunction.

IT IS SO ORDERED.

**Proof of Service**

The undersigned certifies that a copy of the foregoing Order was served on the attorneys of record herein by electronic means or U.S. Mail on **October 12, 2007**.

s/Kim Grimes
Acting in the absence of
Marie Verlinde, Case Manager

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE